[Cite as *Wu v. Li*, 2026-Ohio-2705.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

HSU CHANG WU,                          :

    Plaintiff-Appellant,         :    CASE NO. 25CA6

    v.                           :

CHENG-HAN LI,                          :    DECISION & JUDGMENT ENTRY

    Defendant-Appellee.          :
_____
APPEARANCES:

Hsu Chang Wu, Orient, Ohio, pro se.

Jonathan T. Tyack and Kelsey A. Kornblunt, Columbus, Ohio, for
appellee.
_____
CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:7-8-26
ABELE, J.

{¶1} This is an appeal from a Pickaway County Common Pleas
Court Civ.R. 41(B) judgment of dismissal.  Hsu Chang Wu,
plaintiff below and appellant herein, raises the following
assignments of error for review:

        FIRST ASSIGNMENT OF ERROR:

        "THE TRIAL COURT ERRED AND ABUSED ITS
        DISCRETION BY DENYING PLAINTIFF'S OCTOBER
        30, 2024, MOTION FOR DEFAULT JUDGMENT
        AGAINST DEFENDANT BECAUSE THE TRIAL COURT'S
        RULING LACKED A SOUND REASONING PROCESS AND
        THE MOTION SHOULD HAVE BEEN GRANTED."

        SECOND ASSIGNMENT OF ERROR:

        "THE TRIAL COURT ERRED AND ABUSED IT
        DISCRETION BY GRANTING DEFENDANT'S JANUARY

15, 2025, CIVIL RULE 26(C)MOTION FOR PROTECTIVE ORDER."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE UNDER CIV.R. 41(B)."

{¶2} On October 2, 2003, appellant filed a complaint and alleged that appellee sent her threatening messages. Apparently, appellant provided a Connecticut address for the service of the complaint. Appellee, however, did not reside in Connecticut and did not receive a copy of the complaint. Shortly thereafter, appellant sought and obtained a default judgment.

{¶3} Subsequently, appellee filed a motion for relief from the default judgment, along with a motion to stay the execution of the judgment. At the hearing on the motion, appellee testified that he never resided in Connecticut, never worked in Connecticut, never visited Connecticut and never received any court documents from Connecticut. Consequently, the trial court determined that appellee had not been properly served and granted appellee's request for relief from judgment.

{¶4} Appellant, after several more attempts, apparently completed service of complaint. In the meantime, appellant filed a second action against appellee that appellant eventually voluntarily dismissed.

{¶5} In December 2024, the magistrate conducted a scheduling conference and instructed appellant to provide the trial court with her valid address in order to establish her connection with Pickaway County when the alleged incidents occurred. Additionally, appellant failed to respond to various requests for discovery, including a description of the specific content of the alleged threatening messages, requests for admission, and inter alia, a proper address. Apparently, appellant eventually listed an address that resulted in the "return to sender" due to an insufficient address. Appellant then provided an Orient, Ohio address for an apartment complex. However, the property manager for the complex indicated that neither appellant nor her spouse resided at the complex.

{¶6} In January 2025, appellee filed a motion to dismiss the action. One month later, the trial court granted appellee's request for dismissal and pointed out that appellant "does not, and never has, lived in Pickaway County. To concede that fact, she disobeyed the instructions of this Court that she file a proper residential address with the Clerk." The court further indicated that appellant "intentionally misrepresented the fact that she has never resided in Pickaway County and has participated in multiple lawsuits under at least three name variations and four different addresses." Consequently, the court dismissed appellant's complaint with prejudice. Civ.R.

41(B).  This appeal followed.

{¶7} For ease of discussion, we combine appellant's assignments of error and first address the Civ.R. 41(B) dismissal with prejudice.  In her third assignment of error, appellant asserts that the trial court erred because the "court may not dismiss Plaintiff's Complaint with prejudice under Civ.R. 41(B)(1) because Plaintiff did not fail to prosecute, did not fail to comply with Civil Rules, and did not fail to comply with any court order."  Appellant argues that "three issues warrant a reversal" of the trial court's judgment: (1) appellant did not misrepresent her residential address to the court; (2) the court did not classify her "alleged misrepresentation of her address as a failure to prosecute, did not identify any rule that had been violated and did not cite any court order that appellant violated; and (3) although the trial court stated that appellant "disobeyed" the court's instructions to file a proper address with the Clerk, the court did not cite any court order that appellant violated.

{¶8} Appellee, however, argues that the trial court properly dismissed the action with prejudice because "Pickaway County was not the proper venue and it was impossible to know where venue would be proper due to [appellant's] perjurious conduct in this case and other lawsuits throughout Ohio."  Appellee points out that appellant misrepresented her address to the trial court,

provided "numerous different addresses in filings and depositions in her various lawsuits," and, although appellant claimed to reside in Pickaway County when the alleged misconduct occurred, the evidence, in fact, reveals that appellant never resided in Pickaway County.  While appellee concedes that courts should, in general, choose to transfer actions to a proper venue rather than enter an outright dismissal, appellee points out that here no clear answer exists as to proper venue because appellant "(1) misrepresented to the trial court and Li that she resided at the Ashville address; (2) refused to provide information regarding her address history to [appellee] in discovery; (3) lied in her discovery responses that she was not the party in her other lawsuits when she indeed was; (4) lied in her discovery responses that she did not live at the locations she provided in her other lawsuits when she did indeed did (or at least said she did); and (5) provided multiple different addresses in her other lawsuits that overlapped with the relevant time period of this case."  As such, appellee reasons, the trial court should not guess "whether venue would be proper in Franklin County, some other county in Ohio, California, or some other state altogether" because the answer is entirely unclear in light of appellant's conduct.  Thus, appellee argues that trial court had no choice but to dismiss the case for improper venue.

{¶9} In the case sub judice, we recognize that the trial court expended substantial time and effort in its attempt to determine whether appellant could establish venue in Pickaway County.  The trial court's "Decision and Entry" is instructive and provides in pertinent part:

### Should this case be dismissed for lack of venue?

This case was filed by Plaintiff Hsu-Chang Wu on October 2, 2003.  At that time, Plaintiff Wu listed her address as 800 Long Street, Ashville, Ohio, which is within this Court's jurisdiction of Pickaway County, Ohio.  From the date of filing and through December 13, 2024, every piece of correspondence mailed by the Pickaway County Clerk of Courts was returned for insufficient address.  As noted above, On December 13, 2024, Magistrate Kowalski ordered Plaintiff Wu to file a proper address with the Pickaway County Clerk of Courts.  The plaintiff protested that she feared the defendant and did not want him to know where she resided.  At that time, and on the record, Magistriate Kowalski advised Plaintiff Wu that the Clerk's office could redact her address from public records upon her request.
Instead of following these clear instructions, Plaintiff waited until January 3, 2025, after this Court ordered the parties to brief venue, to put an address on the record.  The Magistrate had instructed the plaintiff to file her proper home address and to fill out the paperwork to have that address redacted from public records.  Instead, the plaintiff obtained a post office box in Orient, Ohio and filed that address to the record.
The exhibits to the January 17, 2025, motion to dismiss show that one day after this Complaint in Pickaway County, Plaintiff filed a document in Lebanon Municipal Court claiming her name is Albie Wu and listing her address as 1396 North High Street, Columbus, Ohio.  (Def. 1/17/25 MTD.Exh. X)  Roughly two weeks later, on October 16, 2023, Plaintiff filed a document in the Franklin County Clerk of Common Pleas claiming her name is Alby Wu and listing her address as 150 Airport

Boulevard, Apartment 430, San Francisco, California. (Def. 1/17/25 MTD.Exh. Y.) A week later, Plaintiff was deposed by Attorney David Goldstein.  She identified herself as Alby Wu and gave an address of 3584 Heywood Drive, Hilliard, Ohio.  (Def. 1/17/25 MTD.Exh. N.)  The list goes on of these different names and addresses being used, which is well documented in Defendant's motion to dismiss and supported by the exhibits therein.

Of particular concern is a statement made by Plaintiff Wu in a deposition on August 14, 2024.  She was asked about the Ashville address and she responded, "That's an apartment that I specifically rent to find the suit against him [Defendant Li] because I didn't – I never want him to know where I lived so he could file me ***(Def. 1/17/25 MTD. Exh. O.)

Defendant Li subpoenaed the Ashville apartment complex where Plaintiff Wu claimed to have lived.  The address previously given by the plaintiff, 800 Long Street, Ashville, Ohio is an apartment complex called The Lakes at Ashton Village.  The property manager of The Lakes at Ashton Village searched the records from January 1, 2017, to the present and swore out an affidavit attesting that no individual under the names used by Plaintiff Wu, or many other possible variants of that name, has rented an apartment at the complex in that time frame.  (Def. 1/17/25 MTF. Exh. J.)

The evidence before this Court shows that Plaintiff Wu has never resided in Pickaway County.  A review of Civ.R. 3 confirms that being a resident of Pickaway County is the only possible way Plaintiff Wu would have venue for this matter.

Civ.R. 3(D)(1) instructs: "When an action has been commenced in a county other than stated to be proper in division (C) of this rule, upon timely assertion of the defense of improper venue as provided in Civ.R. 12,the court shall transfer the action to a county stated to be proper in division (C) of this rule."  However, a review of the record here shows that there is no way for this Court to determine where venue might be proper.

**Should this case be dismissed under Civ.R. 41(B)?**

Civ. R. 41(B)(1) instructs: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

As noted above, Plaintiff Wu was ordered to put her full Ashville address on the record on December 13, 2025, Magistrate Kowalski clearly explained that the plaintiff needed to show that she lived in Pickaway County or risk dismissal and directed the plaintiff to "stop at the Clerk's office and talk about how to get a proper address on the record and have it redacted." (Dec. 13 conference at 5:22 & 28:50.)

The plaintiff responded on January 3, 2025, with a Post Office Box address in Orient, Ohio. In that filing, Plaintiff claimed that she had spoken to the "court staff/employees" "on that same day" as the December 13, 2024, hearing. However, the Magistrate had checked with the Clerk's office employees roughly one hour after the hearing to obtain the correct address and the staff informed her that plaintiff had <u>not</u> spoken to them and had <u>not</u> provided a proper address. Affidavit of Loribeth Kowalski. ¶ 7. Attached as Exh.A. The magistrate asked the staff to inform her if an address was put on the record. *Id.* at ¶ 8. No address was submitted until January 3, 2025.

Plaintiff claims that January 3, 2025, filing that "the court staff advised that Plaintiff get a P.O. Box and not let Defendant know her physical address." After receiving that filing, Magistrate Kowalski again spoke to the Clerk's office. *Id.* at ¶ 10. The staff assured her that they do not advise litigants to get P.O. Boxes but instead offer a procedure to redact the residential address. *Id.* at ¶ 11. The staff further confirmed that they had not had such an interaction or conversation with Plaintiff Wu. *Id.*

The evidence before this Court is convincing. Plaintiff has concurrently participated in multiple lawsuits under at least three name variations and four different addresses.[1] Plaintiff does not, and never has, lived in Pickaway County. To conceal that fact, she disobeyed the instructions of this Court that she file a proper residential address with the Clerk.

In conclusion this Court finds that venue is not proper in Pickaway County, Ohio. While the usual practice is the transfer a case to the court of proper venue, this Court cannot determine what court that would

---

[1] "In addition, the record reflects that Plaintiff obtained a Civil Protection Order in Union County days before filing the suit at hand. The records before the Court do not reflect what address she used to obtain that Civil Protection Order, but Civ.R.3 (C)(10) requires that a petitioner reside within the county where they apply for a Civil Protection Order."

be.  Further, this case is being DISMISSED WITH PREJUDICE under Civ.R. 41(B).  The Court notes that the record reflects that **Plaintiff has never lived in Pickaway County** and that **she intentionally misrepresented this fact to the Court.**  IT IS SO ORDERED. (emphasis in the original)

{¶10} We recognize that a dismissal with prejudice is severe and permanent and should be applied with great caution.  Nevertheless, in the case sub judice we believe that this sanction is appropriate in view of the fact that appellant, inter alia, failed to provide truthful and complete discovery, failed to provide a valid address, proceeded in a dilatory fashion and failed to establish any connection whatsoever with Pickaway County.  See, generally, *James v. Hartranft* (1997), 78 Ohio St.3d 368, 678 N.E.2d 530.

{¶11} In *Carter v. Univ. Park Dev. Corp.,* 2017-Ohio-5795 (9th Dist.) at ¶ 19, the court wrote:

"Civ.R. 41 governs the dismissal of actions.  Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."  A dismissal under this section is an adjudication of the merits of the dispute unless otherwise provided by the trial court.  Civ.R. 41(B)(3).  The notice requirement in Civ.R. 41(B)(1) supports "the fundamental tenet of judicial review in Ohio [] that courts should decide cases on their merits."  *See State ex rel. Becker v. Eastlake*, 93 Ohio St.3d 502, 505 (2001).  Although this Court reviews the trial court's dismissal of an action for an abuse of discretion, "dismissals with prejudice are subject to heightened scrutiny."  *Esser v. Murphy*, 9th Dist. Summit No. 25945,

2012-Ohio-1168, ¶ 9, citing *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47-48 (1997).  The Supreme Court elaborated:

> The extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party.  In other words, dismissal is reserved for those cases in which the conduct of a party is so negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for a dismissal with prejudice for failure to prosecute or obey a court order.  Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice.

(Internal quotations and citations omitted)  *Sazima v. Chalko*, 86 Ohio St.3d 151, 158 (1999).  "Proper factors for the consideration in a Civ.R. 41(B)(1) dismissal with prejudice include the drawn-out history of the litigation * * * and other evidence that a plaintiff is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action."  *Jones v. Hartranft*, 78 Ohio St.3d 368, 372 (1997), citing *Link v. Wabash RR. Co.*, 370 U.S. 626, 633-635 (1962) and *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576 (1994), syllabus."

{¶12} After our review of this matter, we agree with the trial court that, rather than use the legal process to seek accountability and redress for an alleged wrong, appellant, instead, engaged in an alarming number of instances of misrepresentation, deception and dilatory conduct.  Appellant engaged in a pattern of filing multiple lawsuits against multiple defendants in multiple jurisdictions using multiple variations of appellant's name and address.  The term "forum

shopping" does not begin to describe appellant's conduct in seeking to bring an action in a county that has no connection whatsoever to the parties or to the alleged underlying claim. Appellant's conduct is inexplicable and unacceptable.

{¶13} Consequently, even when viewed under the heightened level of scrutiny expressed in *Carter,* we agree with the trial court that appellant's conduct exhibited a complete disregard for the judicial system and the rights of the opposing party. Moreover, with respect to appellant's assertion that the trial court erred in deciding the request for a default judgment and the request for a protective order, we find no error.

{¶14} Accordingly, based upon the foregoing reasons, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
    Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.